UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-CV-20683-JLK

KATHY HENDERSON
o/b/o I. HENDERSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE
Commissioner of Social Security,

    Defendant.
_____/

## FINAL JUDGMENT GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the court upon Plaintiff's Motion for Summary Judgment (DE #21) and Defendant's Motion for Summary Judgment (DE #25).[1] The Court has affirmed and adopted a June 28, 2012 Report and Recommendations ("R&R") by Magistrate Judge Barry Garber advising that Defendant is entitled to judgment as a matter of law. For the reasons discussed below, the Court finds that Defendant's motion for summary judgment against Plaintiff must be granted and, accordingly, Plaintiff's motion must be denied.

### I. BACKGROUND

I. Henderson ("Claimant") was first diagnosed with attention deficit hyperactivity disorder ("ADHD") when he was seven, in 2004. Since that time, treatment of I. Henderson's ADHD has not required hospitalization, extended psychiatric care or

---

[1] Plaintiff's Motion for Summary Judgment was filed on September 2, 2011. On Novemeber 2, 2011, Defendant filed its own Motion for Summary Judgment and included in it a Response (DE #26) to Plaintiff's motion. Plaintiff did not respond or reply.

1

intervention through a crisis stabilization program and "his intellectual abilities are not significantly impaired." (DE #29, p. 2). However, when not medicated as recommended by his physicians, I. Henderson "has been impulsive, easily distracted, and, on occasion, aggressive. *Id.* He also has been diagnosed with dysthymia,[2] oppositional defiance disorder,[3] a learning disorder, and asthma. *Id.*

In 2006, Plaintiff Kathy Henderson filed a claim for Supplemental Security Income on behalf of her then nine-year-old son. Plaintiff's claim was denied by the Social Security Administration, then by Administrative Law Judge Timothy Maher, and finally by an appeals council reviewing Judge Maher. Plaintiff now urges this Court to reverse as erroneous Judge Maher's decision determining that Plaintiff's son was not disabled as defined by the Social Security Act and therefore not entitled to disability benefits or, alternatively, to remand Plaintiff's claim for further evaluation.

## II. LEGAL STANDARD

Generally, summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970), after which the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also*

---

[2] A form of chronic depression marked by regularly low moods, though not as severe as major depression. *See* A.D.A.M. Medical Encyclopedia, http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001916/.
[3] More commonly seen in boys, opposition defiance disorder is a pattern of behavior that is disobedient, hostile, and defiant toward persons in authority. *See* A.D.A.M. Medical Encyclopedia, http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0002504/.

*Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact."). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

This case implicates an additional consideration at the summary judgment stage because it involves review of a decision by an administrative law judge ("ALJ"). Though the court reviews the ALJ's factual findings with deference, the Court gives no deference to his legal opinions. The Court reviews the ALJ's decision to see that it is supported by substantial evidence and based on proper legal standards. *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (internal citations omitted). The question the Court must answer is whether the ALJ erred in his application of law to facts.

### III. DISCUSSION

A child under the age of 18 is disabled under the Social Security Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). A child who meets the above criteria will be entitled to disability insurance benefits unless they engage in "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(C)(ii). To evaluate whether a child is disabled as defined by the Social Security Act, an administrative law judge uses a three-step analysis

3

provided by the Code of Federal Regulations. *See* 20 C.F.R. § 416.924(a)-(d). First, the ALJ determines whether the claimant is working and whether that work constitutes gainful employment. 20 C.F.R. § 416.924(b). Second, the ALJ determines whether the claimant's medical impairment is severe. 20 C.F.R. § 416.924(c). Finally, the ALJ looks to whether the impairment "meet[s], medically equal[s], or functionally equal[s]" the listed impairments. 20 C.F.R. § 416.924(d). As Judge Garber noted in his R&R, this third step is performed by a separate inquiry into six characteristics of the child's functioning: "(1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) maintaining health and physical well-being." (DE #29, p. 7 (citing 20 C.F.R. § 416.926a(b)(1)).

Judge Maher evaluated more than 300 pages of Claimant's exhibits detailing, *inter alia*, treating physicians' notes, records of psychological testing, and academic performance, and school behavior. Judge Maher found that Claimant had not engaged in substantial gainful activity and suffered from three several medical impairments: ADHD, a learning disorder, and oppositional defiance disorder. (R. at DE # 15-1, p. 22). However, Judge Maher concluded that I. Henderson's medical impairments did not meet or medically equal the listed impairments or a functional equivalent under the six characteristics of a child's functioning. *Id.* Thus, Judge Maher concluded that Claimant was not disabled under the Social Security Act and therefore not entitled to disability insurance benefits. *Id.*

Plaintiff's motion for summary judgment lodges four main attacks on the denial of benefits: (1) Judge Maher's decision "is not supported by the substantial weight of the

4

evidence" (DE #21, p. 20); (2) Judge Maher erred in failing to discuss some of Plaintiff's son's scholastic test scores; (3) Judge Maher erred in dismissing one of the treating physician's assessments; and (4) Judge Maher lacked an adequate understanding of attention deficit disorder.

Conversely, Defendant's motion for summary judgment argues that Plaintiff's appeal is without merit. In particular, Defendant recites the record before Judge Maher demonstrating that Claimant's medical impairment was not functionally equivalent to a listed impairment because Claimaint lacked a marked limitation in acquiring and using information and in attending and completing tasks; has a less than marked limitation in caring for himself and maintaining his health and well-being; and had no limitation in interacting and relating with others or in manipulating objects. (DE #25, pp. 13–17). Defendant argues that the record provides substantial evidence upon which Judge Maher could decide that Plaintiff's son was not disabled as defined by the Social Security Act and that, therefore, Defendant is entitled to judgment as a matter of law.

The Court finds no obvious error with the ALJ's factual findings. Moreover, the Court finds that Judge Maher applied proper legal standards in evaluating Claimant's eligibility under the statute. The question then is whether Judge Maher's denial of disability benefits to Plaintiff's son was supported by substantial evidence.

Judge Garber's R&R notes that "[C]laimant seems to misapprehend the applicable standard of review . . . borne out by his repeated references to 'the substantial weight of evidence.'" (DE #29, p. 9). The standard of review is, indeed, much narrower than Plaintiff suggests. "The Court may not . . . reweigh the evidence or substitute its own judgment for that of the ALJ, regardless of whether the Court feels it would have

5

resolved conflicts in the evidence differently had it reviewed the record and heard the testimony in the first instance." *Patterson v. Astrue*, 2011 WL 837744, *2 (S.D. Fla. Feb. 10, 2011) (citing *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996)). So long as the record includes substantial evidence upon which the ALJ could have based his decision, this Court is prohibited from reversing that decision. "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (internal quotes and citation omitted). Plaintiff, in her motion for summary judgment, has done nothing to disprove the abundance of evidence supporting Judge Maher's decision. By merely pointing to evidence that could support a conclusion contrary to that reached by the ALJ is not enough.

Plaintiff's other attacks on the ALJ's decision—that he erred in failing to discuss some of Claimant's scholastic test scores and in dismissing one of the treating physician's assessments, and that he lacked an adequate understanding of attention deficit disorder—also are either without merit, irrelevant, or, at the very least, insufficient to sustain a finding that the ALJ erred.

### III. CONCLUSION

The record is replete with evidence supporting Judge Maher's decision to deny Supplemental Security Income to Plaintiff's son, and Judge Maher's decision was based on proper legal standards. Therefore, Defendant, and not Plaintiff, is entitled to judgment as a matter of law. Accordingly, upon careful consideration of the record and being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that

1. Defendant's Motion for Summary Judgment (**DE #25**) be, and is hereby, **GRANTED**.

2. Plaintiff's Motion for Summary Judgment (**DE #21**) be, and is hereby, **DENIED**.

3. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, dated this 19th day of September, 2012.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc: Clerk of Court

*Counsel for Plaintiff*
**Adam Scott Neidenberg**
Adam Neidenberg, PA
7067 D. West Broward Boulevard
Plantation, FL 33317

*Counsel for Defendant*
**Christopher Macchiaroli**
US Attorney's Office
99 NE 4th Street
Miami, FL 33132